
IN THE DISTRICT COURT OF CUMING COUNTY, NEBRASKA

| | | |
|---|---|---|
| ANDREW J. SYRING, | ) | Case No. CI 20-53 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | AND DEMAND |
| THE ARCHDIOCESE OF OMAHA, | ) | FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |

FILED AUG 28 2020 LAURA WAGNER Clerk of Dist. Court Cuming County, Nebraska

NOW COMES Plaintiff, and for his causes of action against Defendant, states and alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff ("Father Andy") is a Catholic Priest, and a Nebraska citizen, who actively served the Archdiocese of Omaha from 2011 until he was abruptly removed from public ministry in 2018 and effectively compelled to resign.

2. This cause of action arose on October 30, 2018, in Cuming County, Nebraska, where Father Andy was located as an associate pastor at the time he resigned.

3. Defendant Archdiocese of Omaha ("Archdiocese") is a not for profit religious organization, with its headquarters in Omaha, Douglas County, Nebraska.

4. There are four Catholic parishes in Cuming County, Nebraska that are owned and operated by the Archdiocese, to which Father Andy was assigned immediately prior to his resignation. Because the Archdiocese operates real estate and ministries and does business in Cuming County, because the cause of action arose in Cuming County, and further because Cuming County is the place where the Archdiocese may be summoned, jurisdiction and venue is proper in Cuming County, Nebraska.

**FACTUAL ALLEGATIONS**

5. On October 30, 2018, Father Andy was summoned to the Archdiocese Headquarters. He was accompanied by the Reverend Steve Emanuel, pastor of the West Point consolidated parishes. Awaiting them were Archbishop George Lucas, and Scott Hastings, the Vicar for Clergy and Judicial Vicar of the Archdiocese of Omaha.

6. Father Andy was told by the Archbishop that his ministry had been "above reproach" and that there were no complaints against him, but that the Archdiocese's standard for



EXHIBIT "A"

1 | Page



public ministry had changed and therefore he was being removed from public ministry by the Archdiocese effective immediately. Because Father Andy owed the Archbishop a duty of obedience and the Archbishop was prohibiting Father Andy from serving publicly as a priest going forward, Father Andy had no meaningful choice but to resign his position.

7. A Roman Catholic Bishop, in his diocese, is like a king or ruler as to any matter pertaining to Catholicism. His word is law. Every priest in his diocese owes a duty of obedience to him; the priest's faculties to minister come from the bishop. A priest is unable to serve in any capacity within the Church without faculties from his bishop. As a consequence, when Archbishop Lucas removed Father Andy from public ministry, thereby also removing his faculties to minister, it amounted to a constructive dismissal – not just within the Archdiocese of Omaha, but within the universal Church.

8. On November 30, 2018, the Archdiocese published a press release, which was published in the Omaha World-Herald, the newspaper with the largest circulation in the State of Nebraska. It was also published by myriad other newspapers, television stations and web sites. The Archdiocese's press release published a list of church personnel accused of criminal sexual misconduct with minors since 1978. Father Andy's name was on that list.

9. Simultaneously, the Archdiocese published the same accusation, and the same list, in the Archdiocesan newspaper, the *Catholic Voice*.

10. At approximately the same time, the Archdiocese submitted this list, and all of its records concerning the men on the list, to the Attorney General of the State of Nebraska.

11. In 2013, while serving as an associate pastor in Schuyler, Nebraska, an allegation was made against Father Andy. Father Andy categorically denied any wrongdoing and has consistently maintained his innocence to date. Pursuant to the Archdiocese's standard procedure, the allegation was thoroughly investigated by the local police and the county sheriff. All law enforcement that interviewed and/or investigated Father Andy found no wrongdoing by him. The Archdiocese subsequently had the allegation thoroughly investigated by a retired agent of the Federal Bureau of Investigation, and again no wrongdoing was identified.

12. Nevertheless, at the Archbishop's insistence at that time, Father Andy went to St. Luke's Institute for evaluation and treatment. The St. Luke's Institute is a psychological and spiritual treatment center for priests. St. Luke's assessment of Father Andy resulted in a "normal" profile. Subsequent to St. Luke's, Father Andy was sent to Southdown Treatment Center in Ontario, Canada. The result of the evaluations and testing at both of these institutions

was that Father Andy was not a pedophile, he was not antisocial, he was not predatory, he did not have a sexual disorder, he was not a homosexual, he was not a narcissist and he was not an exploiter. They found no indication that he would want to hurt anyone. As a result of the foregoing, Father Andy was found fit to serve in public ministry by both the Archdiocese of Omaha Review Board and Archbishop Lucas. Father Andy was returned to public ministry by Archbishop Lucas and certified by the Archdiocese of Omaha's Safe Environment program. He thereafter served in public ministry for over four years, without incident, until he was suddenly removed by Archbishop Lucas on October 30, 2018.

13. All of the foregoing information was known to the Archdiocese at the time that it published a list of priests accused of criminal sexual misconduct with minors and placed Father Andy on the list.

14. On Sunday October 20, 2019, the Omaha World-Herald published an Associated Press article entitled, "Priests Accused of Sex Abuse Are Living With Little Or No Oversight." Father Andy was specifically identified and discussed in that article. He was identified as a priest who had resigned from the Omaha Archdiocese in November, who had applied to be a substitute teacher, and the article emphasized that the superintendent "instituted strict rules requiring [him] to be supervised by another adult at all times, even when teaching, and banning him from student restrooms or locker rooms." The Associated Press article stated, "abusive priest becomes schoolteacher." The priest referred to was, of course, Father Andy.

15. On a website identified as Bishop-accountability.org, which is published daily to the whole world, Father Andy is listed by name, accompanied by his picture, and identified as "accused." This web site, the October 20, 2019, Omaha World-Herald article and the November 30, 2018 publication in the Omaha World-Herald (among countless other media outlets who picked up the Archdiocese's press release) all have the same source, namely the Archdiocese of Omaha.

16. Father Andy has two Master's Degrees and is trained as a teacher and a counselor. He cannot find full-time employment in the area for which he is trained. As stated in the Associated Press article, even when he was able to find a part-time teaching job, he could not go into the restroom at the school. He cannot obtain full-time, regular employment as a teacher or a counselor because of the false publication made by the Defendant Archdiocese of Omaha.

## FIRST CAUSE OF ACTION
## DEFAMATION

17. Father Andy realleges and incorporates by reference each and every allegation set forth in paragraphs 1-16.

18. On November 30, 2018, the Archdiocese published, or caused to be published, a list of "clergy accused of sexual criminal misconduct since 1978." Said list included the name of Father Andy. Accusing someone of a crime is defamatory per se in the State of Nebraska. At the time Defendant made this accusation, it knew that statement was not true.

19. The Defendant sent the above described list to the Attorney General of Nebraska, thereby also implying and accusing Father Andy of being a criminal.

20. In addition to the foregoing, the Archdiocese published a "list of substantiated claims of clergy sexual abuse or sexual misconduct with a minor," and included Father Andy's name on said list. It also stated that Father Andy left priestly ministry by resignation in October 2018 but failed to state that he resigned because the Archbishop left him no meaningful choice after abruptly removing him from public ministry, despite the fact that the same Archbishop had reinstated Father Andy to ministry four years prior.

21. Defendant violated its own policies and procedures by publishing its statements.

22. Defendant also published these statements in the *Catholic Voice*, the Defendant's newspaper. It further caused the statements to be published in countless other news outlets, and to place or caused to be placed, defamatory statements on the internet.

23. Defendant's above statements were materially false, patently false, and defamatory.

24. Defendant knew that its published statements were false. As a direct and proximate result of Defendant's defamatory conduct, and the accusation of a serious and odious crime, Father Andy has suffered harm to his reputation and loss of enjoyment of life and has been prohibited from obtaining employment in the profession for which he is educated.

25. Defendant knew or should have known that its actions were likely to cause injury to Father Andy.

26. Defendant's actions were in reckless disregard to the rights of Father Andy.

27. Defendant acted intentionally, recklessly, and negligently in publishing the statements herein before described. Moreover, this wrongful conduct, capable of termination, is continuing, and causes repeated injury on a daily basis.

WHEREFORE, Plaintiff Andrew Syring prays for a judgement against the Defendant Archdiocese of Omaha, in an amount that would fairly and reasonably compensate him for his loss of employment, his inability to obtain suitable employment, his injuries, including loss of enjoyment of life, and costs herein.

## SECOND CAUSE OF ACTION
## FALSE LIGHT INVASION OF PRIVACY

28. Father Andy realleges and incorporates by reference each and every allegation set forth in paragraphs 1-27.

29. The statements published by Defendant Archdiocese, or caused to be published by the Archdiocese, placed Father Andy in a false light before the public.

30. The false light in which Father Andy was placed by these statements would be highly offensive to a reasonable person.

31. The Defendant, as previously alleged, knew of the falsity of the statements or acted in reckless disregard as to the truth or falsity of the statements, and the false light in which Father Andy would be placed with the publication of said statements.

32. Defendant gave publicity to the statement by publishing the article in its own *Catholic Voice*, by causing it to be published in the Omaha World-Herald, and by causing it to be nationally publicized on the Bishop-accountability.org website. The estimated readership of all of these publications is unknown, but is herein alleged to be massive.

33. As the result of the publication of the above described statements, Father Andy has suffered injury to his reputation, severe emotional distress, and a substantial loss of income, specifically the loss of his ability to obtain employment in the profession of counseling and education, for which he is trained.

WHEREFORE, Plaintiff Andrew Syring prays for a judgement against the Defendant Archdiocese of Omaha, for damages, for lost income, past, present, and future; emotional distress; damage to his reputation; lost ability to practice his chosen profession, and such further and additional relief as the court deems just and proper under the circumstances.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Father Andy realleges and incorporates by reference each and every allegation set forth in paragraphs 1-33.

35. When the Archdiocese published, or caused to be published, the false statements

accusing Father Andy of serious and odious crime, it intentionally inflicted emotional distress upon him.

36. The Archdiocese acted in extreme and outrageous conduct in accusing Father Andy of a serious and odious crime, which it knew he had not committed.

37. Said accusations were made in an intentional and reckless manner, which has caused Father Andy to suffer, and continue to suffer, from a life long and severe emotional distress.

WHEREFORE, Plaintiff Andrew Syring prays for a judgement against the Defendant Archdiocese of Omaha, for damages in such amount as may be proven at trial, costs associated with this suit, and such other relief that the court deems just and proper.

## FOURTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

38. Father Andy realleges and incorporates by reference each and every allegation set forth in paragraphs 1-37.

39. The publication of the statements above described, by the Archdiocese, if not done intentionally, was certainly done negligently. Such negligence had the effect of inflicting emotional distress upon Father Andy.

40. This negligent conduct had the effect of inflicting fear and emotional distress upon Father Andy. Defendant's conduct was extreme and outrageous.

WHEREFORE, Plaintiff Andrew Syring prays for a judgement against the Defendant Archdiocese of Omaha, for damages in such amount as may be proven at trial, costs associated with this suit and such other relief that the court deems just and proper.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE

41. Father Andy realleges and incorporates by reference each and every allegation set forth in paragraphs 1-40.

42. When the Archdiocese published, or caused to be published, the defamatory statements above described, it did so with the actual knowledge that the statements were false, or it did so with reckless disregard as to their truth or falsity, or negligently.

43. Father Andy has suffered emotional distress, and loss of livelihood, and an inability to obtain employment in his chosen profession, as a result of Defendant's reckless negligence. Defendant's actions constitute irresponsible conduct.

WHEREFORE, Plaintiff Andrew Syring prays for a judgement against the Defendant the Archdiocese of Omaha, for damages in such amount as may be proven at trial, for costs and such other relief that the court deems just and proper.

## SIXTH CAUSE OF ACTION
## DENIAL OF DUE PROCESS

44. Father Andy realleges and incorporates by reference each and every allegation set forth in paragraphs 1-43.

45. The Fifth Amendment to the Constitution of the United States of America provides, in relevant part: "no person shall be held to answer for a capitol, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury… nor shall be deprived of life, liberty, or property, without due process of law; nor shall property be taken for public use without compensation."

46. Article I. § 3 of the Nebraska Constitution provides, in relevant part: "no person shall be deprived of life, liberty, or property, without due process of law, nor be denied equal protection of the laws."

47. Article I. § 13 of the Nebraska Constitution provides, in relevant part: "all courts shall be open, and every person, for any injury done him or her in his or her lands, goods, person, or reputation, shall have a remedy by due course of law and justice administered without denial or delay…"

48. Article I. § 21 of the Nebraska Constitution guarantees that: "the property of no person shall be taken or damaged for public use without just compensation therefor."

49. 42 U.S.C. § 1983 is captioned "Civil Action for Deprivation of Rights" and provides, in relevant part: "every person who, under color or any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress."

50. Defendant violated the rights of Father Andy guaranteed under Federal and State law including, but not necessarily limited to, the Fifth Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, Article I. § 3 of the Nebraska Constitution, Article I. § 13 of the Nebraska Constitution, Article I. § 21 of the

Nebraska Constitution, and 42 U.S.C § 1983, by unlawfully causing Father Andy to resign from public ministry, by unlawfully defaming him, by unlawfully placing him in a false public light, by intentionally and/or negligently inflicting emotional distress upon him, and then sending his name to the Nebraska Attorney General and falsely claiming he had criminally and sexually assaulted minors. The Defendant also unlawfully prohibited Father Andy from being on the property of the parishes and schools he formerly served in Cuming County, Nebraska and/or from attending any parish or school events.

51. To be specifically identified and condemned as a priest credibly accused of criminal, sexual misconduct with minors unquestionably damages that priest's reputation. A citizen's right to his personal reputation is regarded as a fundamental, individual, human right, accorded the same exalted status as freedoms of speech, of assembly, and of the press. Society has a critical interest in guarding against unjustified diminution of due process protections for individuals, whose right of reputation has been impugned.

52. When an individual such as Father Andy has been publicly accused of perpetrating heinous criminal acts, for which no future criminal proceedings can likely be brought, he suffers a substantial impairment to his right of reputation.

53. Father Andy's right to due process and equal protection of the law has been violated because he has been branded as a sexual predator without having had an opportunity, at any judicial proceeding, to contest the accusation made by Defendant. Due process would include a hearing, the right to discovery, the right to challenge the Defendant's evidence, the right to cross examine witnesses, the right to present evidence, and the right to provide rebuttal and exculpatory evidence. None of this has been provided to Father Andy.

54. Father Andy's right to earn a living and to pursue his chosen profession is a property right, the protection of which is guaranteed to him by the Constitution of the United States and the Constitution of Nebraska.

55. When Defendant Archdiocese of Omaha placed Father Andy's name on a list of priests who had committed criminal acts, thereby accusing Father Andy of committing a similar act, and specifically claiming that he had criminally abused minors, it effectively deprived him of his right to earn a living, without due process of law.

56. The Archdiocese is liable for any and all damages sustained by Father Andy as a result of the Defendant's actions, as detailed herein. The Archdiocese's actions are the sole, actual, and proximate cause of any and all damages sustained by Father Andy.

act, and specifically claiming that he had criminally abused minors, it effectively deprived him of his right to earn a living, without due process of law.

56. The Archdiocese is liable for any and all damages sustained by Father Andy as a result of the Defendant's actions, as detailed herein. The Archdiocese's actions are the sole, actual, and proximate cause of any and all damages sustained by Father Andy.

## PRAYER

WHEREFORE, Plaintiff Andrew Syring prays for judgement against the Defendant Archdiocese of Omaha for all damages, remedies, interest, costs, attorney's fees, sanctions, and anything else to which he is entitled, as set forth herein.

## DAMAGES

57. Father Andy realleges and incorporates by reference each and every allegation set forth in paragraphs 1-56.

58. At the time the Archbishop of Omaha abruptly removed Father Andy from public ministry, Father Andy was 41 years of age. As a teacher and counselor with two Master's Degrees, he could reasonably expect to earn $60,000.00 a year, for a period of 35 years. Father Andy has been deprived, by Defendant's actions, of pursuing that profession, and has thus been deprived of the sum of $2.1 million dollars. Defendant's actions have deprived him of the right to pursue the profession for which he is qualified after being removed from his chosen vocation. WHEREFORE, Plaintiff Andrew Syring prays for a judgement against the Defendant Archdiocese of Omaha in an amount of $2.1 million dollars, and such further amounts that may be necessary to fully compensate him for the injuries that he has suffered, together with costs expended herein, and for such other, further and different relief as may be just and proper.

Dated this 28 day of August 2020.

ANDREW J. SYRING, Plaintiff,

By,
Lyle J. Koenig #12282
KOENIG LAW FIRM PO Box 159
Beatrice, NE 68310-0159
Phone: (402) 223-4900
koeniglaw1@gmail.com

And

BY: /s/ James R. Welsh #14459
WELSH & WELSH, P.C.,
L.L.O. 9290 West Dodge Road 204
The Mark
Omaha. NE 68114
Phone: (402)384-8160
jwelsh@welsh-law.com
ATTORNEYS FOR PLAINTIFFS

DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable herein.